# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**CLIFTON T. TORREY, SR.**                                               **PLAINTIFF**

**V.**                                                   **CIVIL ACTION NO. 4:18CV19-DAS**

**COMMISSIONER PELICIA HALL,**
**DR. GLORIA PERRY, and**
**WILLIE KNIGHTEN**                                             **DEFENDANTS**

## **MEMORANDUM OPINION AND ORDER**

On June 7, 2018, plaintiff Clifton T. Torrey, Sr., an inmate confined at the Mississippi State Penitentiary at Parchman ("Parchman") appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir.1985), to determine whether there exists a justiciable basis for his claim filed under 42 U.S.C. § 1983. A plaintiff's claim will be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998) (citations omitted). The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit.

### **I. Plaintiff's Allegations**

In 1997, prior to his incarceration, Clifton Torrey had neck surgery. Because of the injury necessitating the surgery, Clifton Torrey was diagnosed in 2010 at the South Mississippi Correctional Facility with foot drop[1] in his right foot, a condition which causes him to stumble easily and fall frequently. Over time, he claims, his condition has worsened, and he experiences

---

[1] Foot drop, sometimes called drop foot, is a general term for difficulty lifting the front part of the foot. If you have foot drop, the front of your foot might drag on the ground when you walk. *See* https://www.mayoclinic.org/diseases-conditions/foot-drop/symptoms-causes/syc-20372628

hip and leg pain frequently. In 2012, a nurse practitioner at the facility ordered him a pre-made leg brace, which was returned because it cut into Torrey's leg and foot. On several occasions throughout the next few years, Torrey wrote to Dr. Gloria Percy and others attempting to get the brace replaced. It was not until March 2015, following Torrey's grievances alleging medical neglect and delay, that it was approved that he would receive a prosthetic leg brace.

According to Torrey, he was not fitted for a leg brace and orthopedic boots until March 2016, and he did not receive them until April 27, 2016. They had to be refitted twice after he received them. At some point, Torrey also received a back brace. In June 2016, Torrey was transferred to Parchman and housed in Unit 30-C, A building. In August 2016, his back and knee braces were confiscated during a shakedown, because a Parchman doctor refused to give him a medical pass to have those items. In October 2016, the Parchman hospital manager, Willie Knighten responded to a sick call stating that Torrey's back and knee braces were being reordered. According to Torrey, he only recently received his knee brace and still has not received his back brace.

In November 2016, Torrey made a representative from Bucker Prosthetics aware that he needed the soles of his boots resoled, as they were very slick and cause him to fall frequently. The representative advised Torrey that he could take Torrey's boots, resole them, and ship them back to the prison, provided he was granted authorization to do so. Torrey's shoes were not taken at that time.

In November 2017, Torrey was sent to the infirmary to be placed on a list to have his boots and leg brace fixed or replaced, and on January 25, 2018, he was approved to go to Buckner Prosthetics for new boots. As of the *Spears* hearing, he still had not received repair or replacement on the leg brace or the boots.

Torrey also claims that the showers at his housing unit are missing tiles, which cause him to stumble easily, and that he has fallen at least six times while housed in the unit due to the slick-soled shower shoes, missing tiles, and absence of any handicapped bars in Unit 30. Torrey further states that he was told by his surgeon in 1997 that he would need to sleep on an orthopedic pillow for the remainder of his life, and that the Mississippi Department of Corrections ("MDOC") refuses to provide him with an orthopedic pillow, better-soled shower shoes, a ten's unit, and a thicker mattress, all of which he needs to alleviate pain. By way of relief, he asks the Court to order the defendants to provide these items, along with handicapped bars in the showers, yearly replacement of his orthopedic boots, a reissuance of his back brace, an MRI, and orthopedic socks. He also requests monetary damages for the pain and suffering he has experienced due to the defendants' alleged inaction.

## II. Barred Claims

Torrey's allegations of the defendants' wrongdoing date back to 2010. In a § 1983 action, courts apply a state's statute of limitations for personal injury actions. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Owens v. Okure*, 488 U.S. 235, 250 (1989). In Mississippi, the applicable statute of limitations is three years. *See* Miss. Code Ann. § 15-1-49; *James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990). While state law establishes the length of the limitations period, federal law governs when the limitations period accrues. *Wallace*, 549 U.S. at 388. "Under federal law, the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Pitrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal citations and quotations omitted). Here, Torrey knew of the medical treatment (or lack of treatment) as early as 2010 but waited until approximately February 8, 2018, to file a civil action. Accordingly, Torrey cannot

3

sustain a § 1983 claim against any defendant for conduct occurring prior to February 8, 2015 — 3 years prior to the date he filed suit. Therefore, any denial or delay of medical care claims occurring prior to February 8, 2015, are dismissed with prejudice as frivolous. *See Gonzales v. Wyatt*, 157 F.3d 1016 ,1019-20 (5th Cir. 1998) (holding that claims that are clearly time-barred are properly dismissed under § 1915).

### III. Defendants to be Dismissed

Torrey states that he named Commissioner Pelicia Hall as a defendant in this lawsuit because she oversees MDOC. However, § 1983 does not "create supervisory or *respondeat superior* liability." *Oliver v. Scott*, 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability."). Rather, in order to prevail against an individual under § 1983 based solely on their role as a supervisor, a plaintiff must show that: 1) the supervisor's conduct directly caused a constitutional violation; or 2) that the supervisor was "deliberately indifferent" to a violation of a constitutional right. *Breaux v. City of Garland*, 205 F.3d 150, 161 (5th Cir. 2000). Here, Torrey claims only he wrote to Pelicia Hall and that she failed to intervene. However, Hall faces no constitutional liability in simply failing to investigate or respond to Torrey's grievances, and therefore, he cannot sustain a claim against her. *See, e.g., Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

Neither can Torrey sustain a claim against Willie Knighten, as it is apparent from the testimony offered at his *Spears* hearing that Knighten has attempted to intervene and get Torrey's braces and boots reordered. An inmate's constitutional right to medical care has been abridged only if officials were deliberately indifferent to his serious medical needs, as deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's prohibition against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1978). Under this standard, a state actor is not liable under § 1983 unless the plaintiff alleges facts which, if

4

true, would demonstrate that the prison official (1) knew that the inmate faced a substantial risk of serious harm; and (2) disregarded that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 839-40, 847 (1994). It is apparent from Torrey's testimony that Knighten has not ignored Torrey's plight and certainly not to a degree that would establish deliberate indifference.

### IV. Claims to be Dismissed

To the extent that Torrey intends to assert the denial of an orthopedic pillow, a thicker mattress, better socks, an MRI, and or a ten's unit as providing independent bases on which to allege that he has been denied constitutionally adequate medical treatment, such allegations are insufficient to state a claim. First, Torrey cannot claim a substantial risk of serious harm based on the denial of these items. *See Davis v. Young*, 624 F. App'x 203, 204-06 (5th Cir. 2015) (inmate with neck and back injuries failed to state a constitutional claim based on prison nurse's denial of doctor-prescribed mattress and pillow); *Koos v. Corr. Corp. of America*, 63 F. App'x 796, 797 (6th Cir. 2003) (denial of egg-crate mattress for treatment of back pain fails to state constitutional claim). Second, the allegation that another provider may have suggested these items and the defendants failed to provide the items is insufficient to establish deliberate indifference. *See, e.g.*, *Simon v. LeBlanc*, 623 F. App'x 276, 277 (5th Cir. 2015) (per curiam) ("The refusal to provide medicine that was prescribed at another facility or by a different doctor does not rise to the level of deliberate indifference). Finally, Torrey's subjective belief that these items would alleviate his pain does not raise a constitutional claim, as a plaintiff's disagreement with the level of medical treatment that he received does not state a claim under the Eighth Amendment. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). Therefore, these allegations fail to support a determination that the named defendants were actually aware of a

substantial risk of harm to Torrey that they consciously disregarded by denying him a pillow, a thicker mattress, better socks, an MRI, and or a ten's unit. *See Farmer*, 511 U.S. at 837, 839.

## V. Claims to Proceed

Torrey has sufficiently alleged claim that the delay and/or denial of his braces, boots, and shower shoes have denied him constitutionally adequate medical care, and that the failure to have handicapped bars in at least one shower in his unit constitutes an unconstitutional condition of confinement. Torrey claims that Dr. Gloria Perry is responsible for approving all medical treatment requests, and that she oversees all medical operating procedures. Accordingly, the Court finds that these claims should proceed against Dr. Perry.

## VI. Conclusion

Torrey's claims against Defendants Commissioner Pelicia Hall and Willie Knighten are denied, and they are dismissed from this lawsuit. Torrey's claims of the denial and/or delay of medical care will proceed against Dr. Gloria Perry, as will his conditions of confinement claim based on the absence of shower bars. Process will issue against Dr. Perry for these claims.

**SO ORDERED** this the 13th day of July, 2018.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**