IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CLIFTON T. TORREY, SR.                                                   PLAINTIFF

V.                                        CIVIL ACTION NO. 4:18-CV-00019-DAS

DR. GLORIA PERRY                                                DEFENDANT

MEMORANDUM OPINION AND ORDER

Plaintiff Clifton T. Torrey, Sr., proceeding *pro se* and *in forma pauperis*, filed suit under 42 U.S.C. § 1983 against Dr. Gloria Perry, alleging that she denied him appropriate medical care in violation of the Eighth Amendment prohibition against cruel and unusual punishment. Dr. Perry has moved for summary judgment under Federal Rule of Civil Procedure 56. Despite being granted an extension of time to do so, Torrey has failed to the respond to the motion. Having reviewed the submissions and arguments presented, as well as the applicable law, the Court finds that Dr. Perry's motion should be granted.

Factual and Procedural Background

Torrey is an inmate in the custody of the Mississippi Department of Corrections ("MDOC") and is currently housed at the Mississippi State Penitentiary ("MSP") located in Parchman, Mississippi. In 1997, prior to his incarceration, Torrey suffered a spinal injury necessitating neck surgery. While housed at the South Mississippi Correctional Institution ("SMCI"), Torrey was diagnosed in 2010 with foot drop in his right foot, a condition which causes him to stumble easily and fall frequently.[1] According to Torrey, his condition has worsened over time, causing frequent pain in his hips and legs.

---

[1] This diagnosis is attributed to the spinal injury suffered in 1997.

On November 8, 2012, Torrey was issued a pre-made leg brace to treat his condition. Torrey, however, did not wear the brace, complaining that it cut into his legs and foot. Torrey alleges that, over the next few years, he wrote several times to Dr. Gloria Perry and others requesting a replacement for the alleged ill-fitting brace, but to no avail.

On March 18, 2015, a Durable Medical Equipment ("DME") Request Form was completed by Dr. Charmaine McCleave on Torrey's behalf for a prosthetic leg brace. The reason given for the DME request was that Torrey's "last brace was issued in 2012 and [it] never fit right[,] so he didn't wear it and it was confiscated." Torrey alleges that he was not fitted for the new leg brace and orthopedic boots until March 2016, and that he did not receive them until April 27, 2016.

In June 2016, Torrey was transferred from SMCI to MSP. On June 2, 2016, a DME Request Form was completed by Dr. Ronald Woodall requesting a back brace to treat Torrey's arthritis. The back brace was signed for and received by Torrey on June 15, 2016. In August 2016, however, Torrey alleges that both his leg and back braces were confiscated during a shakedown because an MSP doctor refused to give him a medical pass for those items. In October 2016, the MSP hospital manager, Willie Knighten, responded to a sick call stating Torrey's leg and back braces were being reordered.[2]

Torrey alleges that, sometime in 2016, he contacted Buckner Prosthetics and requested that his orthopedic boots be resoled, as they were slick and caused him to fall frequently.[3] The following year, in 2017, Torrey was placed on a list to have his boots and leg braced fixed or replaced, and on January 25, 2018, he was approved to go to Buckner for new boots. Months

---

[2] Since the filing of the instant suit, Torrey has received a new leg brace and a universal back brace.
[3] On May 12, 2016, Dr. Woodall requested a Specialty Care Consultation with Buckner for Torrey to receive extra padding and strapping for his leg brace.

later, on August 15, 2018, Torrey was seen by Zachary Myrick of Buckner where he received padding and strapping for his brace and new extra-depth shoes.

In addition to his complaints regarding the delay in receiving his leg and back braces, Torrey claims that he has fallen at least six times in the shower due to his slick-soled shower shoes, missing tiles, and absence of any handicapped bars in the showers at his housing unit. He further asserts that MDOC refuses to provide him with an orthopedic pillow, better-soled shower shoes, a ten's unit, and a thicker mattress, all of which he alleges are necessary to alleviate pain.

Torrey filed the instant lawsuit on February 9, 2018, asserting that Dr. Gloria Perry was personally responsible for the alleged delay and/or denial of medical care, and requests both monetary damages and prospective relief.[4] Following a *Spears* hearing held on June 7, 2018, the court found that Torrey had "sufficiently alleged a claim that the delay and/or denial of his braces, boots, and shower shoes [has] denied him constitutionally adequate medical care, and that the failure to have handicapped bars in at least one shower in his unit constitutes an unconstitutional condition of confinement," and allowed those claims to proceed against Dr. Perry. Doc. # 12; *see also* Doc. # 16.

On October 28, 2019, Dr. Perry filed a motion for summary judgment. Doc. # 66. Torrey moved for an extension of time to file a response to said motion on November 13, 2019. Doc. # 72. The Court granted Torrey's motion and permitted him an additional fourteen days in which to file his response. Doc. # 73. Torrey, however, has failed to file a response, and the deadline for doing so has now passed. The matter is now ripe for resolution.

---

[4] Additional claims and additional defendants were included in Torrey's complaint but were dismissed following a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Doc. #s 12, 13.

<u>Summary Judgment Standard</u>

Summary judgment is appropriate only when the pleadings and evidence, viewed in the light most favorable to the nonmoving party, illustrate that no genuine issue of material fact exists, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) and (c)(1); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is deemed "material if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (citation and internal quotation mark omitted). Once the motion is properly supported with competent evidence, the nonmovant must show that summary judgment is inappropriate. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *see also Celotex*, 477 U.S. at 323. The nonmovant cannot rely upon "conclusory allegations, speculation, and unsubstantiated assertions" to satisfy his burden, but rather, must set forth specific facts showing the existence of a genuine issue as to every essential element of his claim. *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) (citation omitted); *Morris*, 144 F.3d at 380. If the "evidence is such that a reasonable jury court return a verdict for the nonmoving party, " then there is a genuine dispute as to a material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If no evidence of contradictory facts is presented, however, the Court does not assume that the nonmovant "could or would prove necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

<u>Discussion</u>

Torrey claims that Dr. Perry committed a constitutional violation in failing to provide him adequate medical care. This claim fails for two reasons. First, Dr. Perry cannot be sued in her official capacity for monetary damages under Section 1983, nor can Torrey show an ongoing

constitutional violation that would warrant prospective relief. Second, Torrey has not demonstrated that Dr. Perry had any personal involvement in the alleged inadequate medical care.

In moving for summary judgment, Dr. Perry first argues that, as a state official, she is entitled to sovereign immunity. The State of Mississippi, its governmental entities and their officials sued in their official capacities, are not amenable pursuant to Section 1983, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989), with the exception of state officials sued for prospective relief. *See Ex parte Young*, 209 U.S. 123, 159-60 (1908). For the *Young* exception to be applicable, however, the plaintiff must demonstrate an ongoing constitutional violation, not simply that a violation has been committed. *See Green v. Mansour*, 474 U.S. 64, 71-73 (1985). Additionally, the plaintiff must assert his clams against the state official responsible for enforcing the law at issue in that person's official capacity. *See Walker v. Livingston*, 381 F. App'x 477, 478 (5th Cir. 2010)(citation omitted).

By way of prospective relief, Torrey requests that he be provided leg and back braces, orthopedic boots, and shower shoes, and that MDOC install handicapped shower bars in at least one shower in his unit, and alleges that the failure to provide these constitutes a constitutional violation.[5] At the outset, the court notes that Torrey has failed to show any constitutional violation *committed by* Dr. Perry, ongoing or otherwise. Moreover, Dr. Perry is not the state official responsible for the provision of braces, boots, shower shoes, or the installation of handicapped shower bars in MDOC facilities, including MSP where Torrey is incarcerated. Dr. Perry is employed by MDOC as the Chief Medical Officer of the Office of Medical Compliance and her MDOC duties are limited to reviewing requests for medical appointments and treatment

---

[5] Torrey has received both braces and boots since the filing of the instant suit.

from specialists located outside the MDOC system. Contrary to Torrey's assertion, Dr. Perry does not approve, authorize or arrange the provision of braces or prosthetics to inmates. As such, Torrey has failed to demonstrate the applicability of the *Young* exception in this case, and his claims against Dr. Perry in her official capacity must be dismissed.

Dr. Perry additionally contends that Torrey has failed to demonstrate that she had any personal involvement in the alleged constitutional violation. A plaintiff proceeding under 42 U.S.C. § 1983 cannot establish a constitutional violation simply by virtue of the defendant's role as a supervisor. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Instead, to state a viable claim under § 1983, the plaintiff must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozana v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). There are only two scenarios in which a supervisor may be held liable under § 1983: (1) when he affirmatively participates in the incident, or (2) when he implements an unconstitutional policy that results in constitutional injury. *Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir. 2009). Thus, a supervisory official "can be held liable only for his own misconduct." *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011).

In this case, Torrey alleges that Dr. Perry was the person responsible for approving all medical treatment requests and overseeing all medical operating procedures. He further asserts that, on unidentified dates, he sent her letter(s) requesting a leg brace replacement, to which he allegedly received no response.[6] Torrey has produced no evidentiary support for these

---

[6] A § 1983 plaintiff, however, cannot proceed against a prison official based solely on the official's failure to respond to correspondence. *See Dehghani v. Vogelgesang*, 226 F. App'x 404, 406 (5th Cir. 2007); *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005).

6

assertions. Instead, the only evidence before the court clearly shows that Dr. Perry was not responsible for approving or authorizing Torrey's requests for braces, orthopedic boots or shower shoes, nor did she have the authority to order the installation of handicapped bars in showers at his housing unit. To reiterate, Torrey has produced no evidence demonstrating that Dr. Perry ever interfered with, or was personally involved in, the alleged delay and/or denial of medical care. Moreover, Torrey has failed to identify an unconstitutional policy implemented by Dr. Perry which caused the complained of injury. In fact, he has not asserted the existence of any unconstitutional policy. The court, therefore, finds that Torrey's claims for inadequate medical care against Dr. Perry fail as a matter of law.

## Conclusion

Based on the foregoing discussion, the court finds that the evidence set forth in this case does not support Plaintiff's claims for unconstitutional delay and/or denial of medical care. Accordingly, Defendant's motion for summary judgment [66] is **GRANTED**, and judgment will be entered in her favor. A separate final judgment in accordance with this Memorandum Opinion and Order will issue today.

**SO ORDERED** this, the 4th day of December, 2019.

/s/ David A. Sanders  
DAVID A. SANDERS  
UNITED STATES MAGISTRATE JUDGE