IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CLIFTON T. TORREY, SR.                                                    PLAINTIFF

V.                                                      CIVIL ACTION NO. 4:18-CV-00019-DAS

DR. GLORIA PERRY                                                    DEFENDANT

<u>ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT</u>

This matter comes before the court on the motion [80] of the Plaintiff Clifton T. Torrey, Sr., to alter or amend the court's order granting Defendant Dr. Gloria Perry's motion for summary judgment and dismissing Torrey's claims. Upon due consideration, the court finds that Torrey's motion should be denied.

On February 9, 2018, Torrey, an inmate currently housed at the Mississippi State Penitentiary, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that Dr. Perry denied him appropriate medical care. Doc. # 1. On October 28, 2019, Dr. Perry moved for summary judgment. Doc. # 66. Torrey moved for an extension of time to file a response on November 13, 2019. Doc. # 72. On November 14, 2019, the court granted Torrey's motion and permitted him an additional fourteen days in which to respond. Doc. # 73. Torrey failed to file a response within the proscribed time period.

After considering Torrey's allegations, the evidence presented and applicable authority, the court granted Dr. Perry's motion and dismissed Torrey's claims. Doc. #s 75, 76. Specifically, the court found that Dr. Perry could not be sued in her official capacity under Section 1983, nor had Torrey shown an ongoing constitutional violation that would warrant prospective relief. Doc. # 75. The court additionally found that Torrey failed to show that Dr. Perry had any personal involvement in the alleged inadequate medical care. *Id.*

A motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) constitutes a request for "extraordinary" relief. *Kennedy v. Jefferson Cty. Hosp.*, 2016 WL 6495595, at *1 (S.D. Miss. Nov. 2, 2016) (citing *In re Pequeno*, 240 F. App'x 634, 636 (5th Cir. 2007)). "Such relief is appropriate only in three circumstances: '(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.'" *Id.* (citation omitted).

In moving to alter or amend the court's judgment, Torrey argues that the court erred in not granting his second motion for an extension of time to file a response. Torrey asserts that he mailed this second motion for an extension on November 26, 2019. To date, the court has received no such motion.[1] Torrey further claims that he now experiences pain in his neck; left shoulder, arm and hand; and his left foot. These newly alleged injuries, however, were not the subject of the instant case, and the time for amending Torrey's complaint has long since passed.

In sum, Torrey advances no argument sufficient to warrant relief under Rule 59(e). Accordingly, the instant motion [80] is hereby **DENIED**.

**SO ORDERED** this, the 20th day of December, 2019.

/s/ David A. Sanders
DAVID A. SANDERS
UNITED STATES MAGISTRATE JUDGE

---

[1] The court notes that it did not grant Dr. Perry's motion for summary judgment on the basis that Torrey failed to file a response. Rather, the court granted Dr. Perry's motion after careful consideration of the facts alleged, the evidence presented and applicable authority.